Victor de Gyarfas (State Bar No. 171950)
email:  vdegyarfas@foley.com
Sandeep Deol (State Bar No. 285545)
email: sdeol@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3500
Los Angeles, CA 90071-2411
Telephone:  213-972-4500
Facsimile:   213-486-0065

Attorneys for Plaintiff
ROLAND CORPORATION


**DOLL AMIR & ELEY LLP**
GREGORY L. DOLL (SBN 193205)
gdoll@dollamir.com
PAUL M. TORRES (SBN 240590)
ptorres@dollamir.com
1888 Century Park East, Suite 1850
Los Angeles, California 90067
Tel:  310.557.9100
Fax: 310.557.9101


**HINCKLEY, ALLEN & SNYDER, LLP**
CRAIG M. SCOTT
(admitted *pro hac vice*)
cscott@hinckleyallen.com
CHRISTINE K. BUSH
(admitted *pro hac vice*)
cbush@hinckleyalllen.com
REBECCA F. BRIGGS
(admitted *pro hac vice*)
rbriggs@hinckleyalllen.com
100 Westminster Street, Suite 1500
Providence, Rhode Island 02903
Tel: 401.274.2000
Fax: 401.277.9600

Attorneys for Defendant
INMUSIC BRANDS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

JOINT SCHEDULING CONFERENCE REPORT

ROLAND CORPORATION, a
Japanese corporation

            Plaintiff,

     v.

INMUSICBRANDS, INC., a Florida
Corporation,

            Defendant.

Case No:  2:16-cv-6256 CBM (AJWx)

**JOINT SCHEDULING
CONFERENCE REPORT
PURSUANT TO RULE 26(F)**

Date:  January 24, 2017
Time: 3:30 p.m.
Judge: Hon. Consuelo B. Marshall
Ctrm:  8B

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26.1, and the Court's October 25, 2016 Order (Doc. 24), Plaintiff Roland Corporation ("Roland" or "Plaintiff") and Defendant InMusic Brands, Inc. ("InMusic" or "Defendant"), jointly the "Parties," submit this joint report.

On August 29, 2016, Roland filed the complaint in this action alleging infringement of eight United States Patents claiming methods and apparatus relating to electronic musical instruments. On October 24, 2016, InMusic answered and counterclaimed for declarations of invalidity. On November 15, 2016, Roland moved to dismiss InMusic's counterclaims and strike its affirmative defenses. The parties conducted a Rule 26(f) Conference on December 27, 2016.

## I.   SUBJECTS DISCUSSED IN STANDING ORDER

### A.   SUMMARY

Roland's Summary Of The Case:

This is a patent infringement case in which Roland asserts eight United States patents directed to electronic musical instruments: 7,385,135; 6,921,857; 6,756,535; 6,271,458; 6,121,538; 6,881,885; 6,632,989; and 7,459,626 (collectively, the "Asserted Patents"). Roland is one of the world's leading musical instrument and equipment manufacturers and designers. The company and its products, particularly in the realm of electronic instruments, are instantly and universally recognized for their innovative technology and distinctive style. Since its founding, Roland's engineers and designers have worked continuously to bring new technology and breakthrough designs to the market.

Defendant is a competitor of Roland's and Roland believes that Defendant has infringed all of the Asserted Patents. Roland has accused at least all of the following 24 products manufactured by Defendant of infringing one or more of Roland's patents: 8" Mesh Head Bass Drum Pad; 8" Mesh Head Pad; 10" Mesh Head Pad; 12" Mesh Head Pad; Command Kit; Crimson Mesh Kit; DM06 USB Kit; DM7X Kit; DM7X Session Kit; DM8 Pro Kit; DM8 USB Kit; DM10 Studio Kit; DM10 Studio Mesh Kit; DM10 X Kit; DM10 X Mesh Kit; DMPad 12" Cymbal; DMPad 12" Hi-Hat; DMPad 14" 3-Zone Ride; DMPad

16" 3-Zone Ride; Forge Kit; Nitro Kit; Pro X Hi-Hat; Strike Kit; and Strike Pro Kit.

Because of the large number of patents and accused products at issue, this case will warrant somewhat more discovery than a one-patent, one-product patent infringement case. Roland has proposed a detailed schedule identifying reasonable times between tasks that need to be accomplished.

InMusic's Summary Of The Case:

Roland has asserted claims that inMusic infringed "at least" one claim of each of eight patents but has not delineated what specific claims it asserts are at issue.  Roland also alleges "at least" 24 products as "examples" of allegedly infringing products.  However, inMusic asserts a counterclaim for declaratory relief that each of the eight patents upon which Roland rests its claims are invalid.

Because Roland has asserted a large number of patents and accused products without limitation as to either the claims or products at issue, inMusic anticipates this case will warrant a detailed schedule requiring Roland to identify its allegations with specificity and allow time for inMusic to respond.  This is necessary as a matter of judicial and party economy in order to limit the voluminous and costly discovery Roland already identifies.

**B.    Subject Matter Jurisdiction**

The Court has subject matter jurisdiction over the claims in this action pursuant to 35 U.S.C. §§ 271 and 281 and 28 U.S.C. §§ 1331 and 1338 as these claims arise under the laws of the United States.  The Court also has jurisdiction over inMusic's counterclaims for declaratory relief pursuant to 28 U.S.C. §§ 2201 *et seq*.

**C.    Brief Description Of Key Legal Issues**

The key legal issues are likely to be claim construction of any disputed terms, infringement, and validity of the asserted claims.  The parties agree that a claim construction hearing should be held on disputed terms, although the specific terms in dispute have not yet been identified.  With regard to equitable relief, the issues will be whether Roland is entitled to injunctive relief and whether one or more of the patents are unenforceable.

**D.      Realistic Range Of Probable Damages**

Roland will either seek its lost profits or a reasonable royalty for infringement of the Asserted Patents.  Roland does not yet have discovery from Defendant concerning its sales and profits and cannot yet make an accurate estimate of the range of probable damages.

**E.      Likelihood Of Appearance Of Additional Parties**

The parties are not aware of the existence of additional parties that are likely to appear.

**F.      Manual For Complex Litigation**

The parties do not believe that procedures from the Manual for Complex Litigation should be utilized.

**G.      Proposed Discovery Cut-Off Date**

The parties have proposed a schedule as set forth in Exhibit 1, including a proposed discovery cut-off date.

**H.      Contemplated Motions**

Roland contemplates filing motions for summary judgment of infringement after obtaining discovery.    Roland also proposes that a claim construction hearing occur to resolve any disputes concerning the meaning of disputed claim terms.  inMusic anticipates that it will file a motion for summary judgment of patent invalidity.

**I.      Prospects Of Settlement**

The parties have made unsuccessful efforts to resolve the case, all of which pre-dated the filing of the Complaint by Roland.  The parties expect that after taking appropriate discovery, the parties may be able to resolve the case, but if not, then appearance before a neutral may facilitate settlement.

**J.      Jury Trial**

Both sides have demanded a jury trial.

**K.      Attorneys Who Will Try The Case**

Roland anticipates that Victor de Gyarfas and Sandeep Deol will try the case.

InMusic anticipates that Craig M. Scott and Christine K. Bush will try the case.

### L.    Consent To Magistrate

The parties do not consent to the designation of a Magistrate Judge to conduct all proceedings.

## II.    OTHER SUBJECTS IDENTIFIED IN SCHEDULING CONFERENCE ORDER

### A.    Number Of Depositions

Roland's Position:

Roland does not yet know who all of defendants relevant witnesses will be, but Roland expects to take depositions of the following individuals: Defendant's 30(b)(6) witnesses regarding alleged infringing activities with respect to all of the products accused of infringement; Defendant's 30(b)(6) witnesses regarding the number of alleged infringing products sold, manner of sales, sales prices, and manufacturing of alleged infringing products; Defendant's experts.  The number and identity of persons at Defendant who were involved with the design and engineering of the accused will help inform as to the number of depositions required.  The depositions are planned to be taken during the fact discovery period.  Currently, Roland estimates that 10 depositions may be necessary, and if it appears that more are necessary, Roland will seek leave to take additional depositions during discovery.

InMusic's Position:

InMusic does not yet know who all of Roland's relevant witnesses will be, but inMusic expects to take depositions of the following individuals: Roland's 30(b)(6) witnesses regarding the conception and reduction to practice of the claimed inventions in the Asserted Patents; Roland's 30(b)(6) witnesses regarding alleged infringing activities with respect to all of the products accused of infringement; Roland's 30(b)(6) witnesses regarding its sales of products covered by any or all of the Asserted Patents, the design, structure, operation, function, features, and performance of each, and any profits recognized from those sales (including calculations of fixed and variable costs); Roland's

30(b)(6) witnesses regarding its conveying, selling, assigning and/or licensing intellectual property, including, without limitation, any of the Asserted Patents; Roland's 30(b)(6) witnesses regarding any "secondary considerations" or "objective indicia" of non-obviousness that Roland contends support the validity of the Asserted Patents; Roland's experts.  The depositions are planned to be taken during the fact and expert discovery periods proposed in Exhibit 1.  Currently, inMusic estimates that 10 depositions may be necessary, and if it appears that more are necessary, inMusic will seek leave to take additional depositions during discovery.

### B.    Written Discovery Sought

The parties plan to conduct written discovery and the responses to written discovery should be due on the dates set by the Federal Rules of Civil Procedure.

### C.    Experts

Roland expects that it will have at least one technical expert regarding the infringement issues and a damages expert.  Depending on Defendant's plan for any invalidity defense, Roland may have an additional expert regarding patent validity/invalidity.

InMusic expects that it will offer a technical expert regarding invalidity issues and rebuttal expert testimony  regarding alleged infringement and damages.

### D.    Pre-Trial Conference Date

The parties' proposals regarding the pre-trial conference date and other dates are set forth in Exhibit 1.

### E.    Date Demand For Jury Trial Was Filed

Roland made a demand for jury trial in the complaint filed August 9, 2016.

InMusic made a demand for jury trial in the answer and counterclaim filed October 24, 2016.

## III.    RULE 26(f) DISCOVERY PLAN

### A.    Timing

The Parties do not propose any changes in the form, or requirement for disclosures

under Rule 26(a), and propose that initial disclosures be made on February 7, 2017.  The parties' proposals for Pretrial Dates are attached hereto as Exhibit 1.

**B.     Subjects Of Discovery**

The parties expect that discovery may be needed as identified above on the following subjects: appropriate construction of the claim terms of each patent, infringement, willful infringement, validity and enforceability of the Asserted Patents, sales, and profit information.  The parties agree that discovery should not be phased.

**C.     Electronic Discovery**

The parties do not expect unusual issues concerning disclosure or discovery of electronically stored information. The parties expect to negotiate stipulated terms for Data Preservation and Production.  The parties have taken reasonable measures to ensure that discovery information has not been destroyed or altered.

**D.     Privilege**

The parties do not expect unusual issues concerning claims of privilege and expect to enter into a stipulation regarding the form and contents of a privilege log.

**E.     Changes In Discovery Limitations**

The parties do not propose any changes to the limitations imposed under the Federal Rules of Civil procedure or the Local Rules.

**F.     Other Orders**

The parties anticipate submitting a stipulated protective order to the Court and do not anticipate the need for other orders under Rule 26(c) or 16(b) at this time.

**IV.   LOCAL RULE 26-1**

**A.     Complex Case**

The parties agree that this is not a case that requires use of any of the procedures in the Manual for Complex Litigation.

**B.     Motion Schedule**

The parties' proposals for the motion schedule are set forth in Exhibit 1 hereto.

**C.     ADR**

The parties propose to use L.R. 16-15.4 ADR Procedure No. 2 – appear before a neutral selected from the court's Mediation panel.

### D.   Trial Estimate

Roland provides a preliminary estimate of 7 days for trial.

Defendant provides a preliminary estimate of 7 days for trial.

### E.   Additional Parties

At this time, the parties do not anticipate that other parties will appear.

### F.   Expert Witnessses

The parties' proposals as to the timing of disclosures under Fed. R. Civ. P. 26(a)(2) are set forth in Exhibit 1 hereto.

Dated:  January 10, 2017

    /s/ *Victor de Gyarfas*
Victor de Gyarfas
**FOLEY & LARDNER LLP**

Attorneys for Defendant
**ROLAND CORPORATION**

**HINCKLEY, ALLEN & SNYDER LLP**

By: */s/ Craig M. Scott*
CRAIG M. SCOTT (*pro hac vice*)
cscott@hinckleyalllen.com
CHRISTINE K. BUSH (*pro hac vice*)
cbush@hinckleyalllen.com
REBECCA F. BRIGGS (*pro hac vice*)
rbriggs@hinckleyalllen.com
100 Westminster Street, Suite 1500
Providence, Rhode Island 02903
Tel:  401.274.2000
Fax:  401.277.9600

**DOLL AMIR & ELEY LLP**
GREGORY L. DOLL (SBN 193205)
gdoll@dollamir.com
PAUL TORRES (SBN 240590)

ptorres@dollamir.com
1888 Century Park East, Suite 1850
Los Angeles, California  90067
Tel:  310.557.9100
Fax:  310.557.9101

## ATTESTATION CLAUSE

Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  January 10, 2017

/s/ *Victor de Gyarfas*
Victor de Gyarfas
**FOLEY & LARDNER LLP**

Attorneys for Defendant
**ROLAND CORPORATION**